IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAT S. TROUT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. **3:09-CV-206-L** |
| | § | |
| ALLEN J. PITTS D/B/A | § | |
| ALLEN J. PITTS INSURANCE and | § | |
| CAROL PITTS, | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed March 6, 2009. After careful consideration of the motion, briefs, response, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

**I.   Background**

Pat S. Trout ("Plaintiff" or "Trout") filed this action against Allen J. Pitts d/b/a Allen J. Pitts Insurance and Carol Pitts (collectively, "Defendants") in the 162nd Judicial District Court, Dallas County, Texas, on January 15, 2009. She sued Defendants for negligent misrepresentation and fraud in the inducement with respect to alleged conduct by Defendants prior to the commencement of her employment with them. Defendants removed this action to federal court on January 30, 2009, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a).

Trout has filed a motion to remand this action to state court. She contends that her claims are not completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and that her claims do not relate to a plan governed by section 514(a) of ERISA. Defendants contend that, because of her participation in the Allen J. Pitts Deferred Benefit Plan (the "Plan"),

**Memorandum Opinion and Order - Page 1**

Plaintiff's state law claims are completely preempted by ERISA and, therefore, this court has jurisdiction. The court disagrees.

## II. Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Whether federal question jurisdiction exists over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). "There is an exception to the well-pleaded complaint rule, though, if Congress so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (citation and internal quotation marks omitted).

**Memorandum Opinion and Order - Page 2**

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III.     Analysis

State law claims that seek relief within the scope of the civil enforcement provisions of 29 U.S.C. § 1132(a)(1)(B) are completely preempted and thus removable to federal court. *Arana*, 338 F.3d at 440; *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). Another kind of preemption is "conflict" or "ordinary" preemption. This type of preemption occurs "when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana*, 338 F.3d at 439. Conflict or ordinary preemption does not create a basis for federal jurisdiction. *Giles*, 172 F.3d at 337. This is the type of preemption set forth in 29 U.S.C. § 1144(a).

The essence of Plaintiff's claims is that she was fraudulently induced into agreeing to take on employment with Defendants and that Defendants failed to exercise reasonable care in communicating information about her prospective employment. The court views these claims as independent of any claim to recover benefits or enforce rights under the Plan that would fall within

**Memorandum Opinion and Order - Page 3**

the provisions of section 1132(a)(1)(B). The court believes that the claims asserted by Plaintiff exist separate and apart from the Plan. Stated another way, Plaintiff's claims do not require interpretation or administration of the Plan. Accordingly, Plaintiff's state law claims are not completely preempted. The court, therefore, lacks subject matter jurisdiction of this action, and it must be remanded to the 162nd Judicial District Court, Dallas County, Texas.

## IV. Conclusion

For the reasons herein stated complete preemption does not exist pursuant to 29 U.S.C. § 1132(a)(1)(B). The court **grants** Plaintiff's Motion to Remand for lack of subject matter jurisdiction and remands this action, pursuant to 28 U.S.C. § 1447(c), to the 162nd Judicial District Court, Dallas County, Texas. The court **denies** Plaintiff's request for costs and attorney's fees because it concludes that Defendants' removal to federal court was not objectively unreasonable. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 31st day of March, 2010.

*[signature]*
Sam A. Lindsay
United States District Judge